### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DOMINICK PROCOPIO, in pro per,

        Plaintiff,                     Case No. 10-13284
                                       Hon. Gerald E. Rosen

v.

GUARANTEED RATE, INC., a Delaware
Corporation; CITIMORTGAGE, INC., a
New York Corporation; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., a Delaware Corporation,

        Defendants.
_____/

### OPINION AND ORDER GRANTING DEFENDANTS'
### MOTIONS FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____April 29, 2011_____

PRESENT:   Honorable Gerald E. Rosen
                    United States District Chief Judge

## I. INTRODUCTION

This case arises out of a mortgage foreclosure initiated by Defendant CitiMortgage,

Inc. Plaintiff Dominick Procopio refinanced his home in St. Clair Shores, Michigan in 2007.

The refinance for the subject property was processed and funded by Defendant Guaranteed

Rate, Inc. ("GRI"). The loan was secured by a mortgage on the property. The original

mortgagee on the mortgage was Defendant Mortgage Electronic Registration Systems

1

("MERS"), the nominee of GRI.  The mortgage and note were subsequently assigned to CitiMortgage, who eventually commenced foreclosure proceedings.  Months after the foreclosure sale, Procopio filed a *pro se* state court action against Defendants, alleging that the assignment of the mortgage and resulting foreclosure were improper and seeking declaratory and injunctive relief to halt the foreclosure, declaring him the owner of the property with free and clear title, and asking for the rescission of the Sheriff's Deed.  The Macomb Count Circuit Court granted summary disposition in favor of Defendants.  Procopio did not appeal the state court's decision.  Instead, on August 19, 2010 he filed a *pro se* "cut-and-paste" Complaint in this Court alleging "Lack of Standing" on the part of Defendants to bring a foreclosure action to foreclose on his property (Count I); and claims predicated upon "Promissory Estoppel" (Count II); "Unfair and Deceptive Trade Practices" (Count III); and "TILA and RESPA Violations" (Count IV).

Defendants now have moved to dismiss Plaintiff's Complaint, or in the alternative, for summary judgment.  Although he was long ago directed to do so, Plaintiff has not responded to Defendants' motions.[1]  Therefore, as the Court indicated in its November 30, 2010 correspondence, the Court will decide the motions based on the record.

---

[1] In a letter Plaintiff sent to the Court on November 27, 2010, Mr. Procopio asked for a stay of proceedings so that he might secure legal counsel to represent him in this matter. *See* Dkt. # 15.  However, a month earlier, the Court had already granted Plaintiff a month-long extension of time to respond to Defendants' motion and, therefore, declined to further delay the proceedings.  Accordingly, on November 30, 2010, the Court directed Plaintiff to file his response within 21 days, encouraging him, in the meantime to continue his efforts to obtain counsel.  *See* Dkt. # 16.  As of this date, no response has been filed nor has any appearance of counsel ever been filed.

Having reviewed Defendants' motions, briefs, supporting exhibits, and the entire record of this matter, the Court finds that the pertinent facts and legal contentions are sufficiently presented in these materials, and that oral argument would not assist in the resolution of this matter. Accordingly, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will decide Defendants' motions "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 22, 2007, Plaintiff Dominick Procopio obtained a refinancing loan to refinance his home located at 30243 Champine Street in St. Clair Shores, Michigan. The loan was secured by a mortgage on the property. The loan was processed and funded by Defendant Guaranteed Rate, Inc. ("GRI"), a mortgage lender. The mortgage was originally held by Defendant Mortgage Electronic Registration Systems ("MERS"), the nominee of GRI. On November 11, 2008, the mortgage and note were assigned to Defendant CitiMortgage, Inc. Plaintiff alleges that he made monthly payments on the mortgage until October 2008, when his salary significantly decreased. (CitiMortgage Ex. A, State Compl. ¶ 12.)[2] Plaintiff thereafter stopped making payments and, as a consequence, CitiMortgage began foreclosure proceedings. On July 24, 2009, a foreclosure sale of the property was held.

_____

[2] It appears from documents appended to Defendant CitiMortgage's brief the Plaintiff was actually in arrears long before October 2008. While the last payment made by Plaintiff was in October 2008, that payment was applied to the amount owing for the July 2008 payment. *See* Defendant's Ex. A - Payment History as of November 19, 2008.

This commenced the running of the 6-month statutory redemption period,[3] making January 24, 2010 the last day on which the property could be redeemed.  (*See* CitiMortgage Ex. E, p. 7.)

Plaintiff made no attempt to redeem the property.  Instead, on January 22, 2010, Plaintiff commenced an action in Macomb County Circuit Court against the Defendants in which he alleged wrongful foreclosure and slander of title, and moved for declaratory relief, quiet title, and a temporary restraining order.  On June 24, 2010, all Defendants moved for summary disposition, which was granted by the state court.  The state court opinion and order resolved the entire matter and closed the case.  (CitiMortgage Ex. B, State Ct. Order at 6.)  In addition, the state court declared that CitiMortgage had the right to possess the property and an eviction order would be issued on August 24, 2010, if Plaintiff did not vacate the premises before then.  The state court further gave Plaintiff until August 25, 2010, to appeal the judgment. Plaintiff did not appeal the state court order, but instead, filed an action with this Court on August 19, 2010.

In his Federal Complaint, Plaintiff alleges lack of standing to commence the foreclosure proceeding on the property, arguing that the Defendants did not have an interest in the promissory notes and are not entitled to enforce them.  (Fed. Compl. Count I.)  In addition, Plaintiff alleges improper bifurcation, promissory estoppel, and unfair trade practices.  (Fed. Compl. Counts II, III.)  Plaintiff also alleges TILA and RESPA violations,

---

[3] *See* M.C.L. § 600.3140.

4

based upon the alleged failure to provide disclosure statements at the closing of the mortgage. (Fed. Compl. Count IV.)

Together, CitiMortgage and MERS have moved for dismissal and summary judgment, and GRI has separately moved for summary judgment. All of the Defendants argue that the claims and issues raised by Plaintiff are either precluded or time-barred.

### III. STANDARD OF REVIEW

Defendants CitiMortgage and MERS's motion is structured as a Fed. R. Civ. P.12(b)(6) motion to dismiss and, in the alternative, as a motion for summary judgment. Because the parties support their motion with exhibits outside the pleadings and which are not referenced in Plaintiff's Complaint, Federal Rule of Civil Procedure 12(d) requires that the motion be "treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. Proc. 12(d).[4] Therefore, the Court's consideration of the matter will proceed pursuant to Fed. R. Civ. P. 56.

Under Federal Rule of Civil Procedure 56, a motion for summary judgment will be granted if the moving party can show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To demonstrate that there is no genuine issue of material fact, the parties must use the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

---

[4] GRI's motion is only brought pursuant to Rule 56.

interrogatory answers, or other materials." Fed. R. Civ. Proc. 56(c)(1)(A). A material fact is one that would affect the outcome of the suit, as determined by the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue is one that the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.,* 434 F.3d 810, 813 (6th Cir. 2006). Yet, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). But, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack,* 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

## IV. <u>DISCUSSION</u>

In seeking entry of summary judgment in their favor, Defendants argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and/or the doctrines of res judicata/collateral estoppel. They also argue that Plaintiff's TILA and RESPA claims are barred by the applicable statute of limitations.

## A.  <u>Plaintiff's Claims Are Barred, in Part, by the Doctrine of Res Judicata.</u>

Pursuant to the Full Faith and Credit Clause, U.S. Const., Art. IV, § 1, federal courts

6

are required to give preclusive effect to all state court judgments. 28 U.S.C. § 1738 ("[J]udicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State. . . ."); *Allen v. McCurry*, 449 U.S. 90, 94-96 (1980).

The doctrines of res judicata and collateral estoppel prevent a party from bringing a subsequent action that arose out of the same transaction as the first. To determine whether or not res judicata and collateral estoppel bar a subsequent action, federal courts apply the rules of the state where the first action occurred. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-82 (1982). Here, the original action was adjudicated in Macomb County Circuit Court of Michigan. Therefore, this Court must look to the state law of Michigan to determine the effect of the state judgment.

Res judicata bars claims arising out of the same transaction that plaintiff brought or could have brought in an earlier action but did not. *Sewell v. Clean Cut Management, Inc.*, 463 Mich. 569, 575, 621 N.W.2d 222, 225 (2001); *see also Sprague v. Buhagiar*, 213 Mich. App. 310, 313, 539 N.W.2d 587, 589 (1995). (res judicata "bars not only claims actually litigated in the prior action, but every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not." (Citations omitted).) Michigan courts have applied res judicata broadly -- applying the doctrine equally to both the facts and the law. *Gose v. Monroe Auto Equipment Co.*, 409 Mich. 147, 160-163, 294 N.W.2d 165, 168 (1980).

To determine if two claims arise out of the same transaction, the test the Michigan

7

courts use is "whether the same facts or evidence are essential to the maintenance of the two actions." *Schwartz v. City of Flint*, 187 Mich. App. 191, 194, 466 N.W.2d 357, 360 (1991), *cert. denied*, 503 U.S. 961 (1992).

Here, some, but not all, of the state and federal court claims arose out of the same transaction. The transaction giving rise to Plaintiff's claims in the state court action was the foreclosure. In his state court complaint, Plaintiff alleged that he obtained a mortgage on his home from Defendant for the amount of $146,000. (State Compl. ¶ 11). Plaintiff stated that he could no longer make his loans payments so he began requesting information about the mortgage and sought to modify the loan. *Id.* ¶ 12. Plaintiff alleged that GRI and CitiMortgage did not adequately respond to his requests. *Id.* ¶ 31A. Plaintiff alleged that on November 1, 2008, CitiMortgage mailed him a notice of default and foreclosure warning. *Id.* ¶ 16. He further alleged that on November 12, 2008, he was notified by MERS and CitiMortgage that his mortgage was in foreclosure and that a sheriff's sale would take place on December 12, 2008. *Id.* ¶ 17. (The foreclosure sale was subsequently adjourned until July 24, 2009. *Id.*) Plaintiff alleged that MERS did not have authority to foreclose on his mortgage. *Id.* ¶ 23.

In this case, Plaintiff alleges these same essential facts, -- i.e., that MERS had no authority over the mortgage, that MERS had no power to foreclose on the mortgage,[5] -- and

---

[5] Although both Plaintiff's State and Federal Complaints were based upon his allegation that MERS had no authority to foreclose on his mortgage, from the documents provided by Plaintiff himself, it is not entirely clear that it was MERS that initiated the foreclosure. *See e.g.*, foreclosure notices at Dkt. #1-1, pp. 6, 25, 26. *See also* CitiMortgage

2:10-cv-13284-GER-MAR   Doc # 17   Filed 04/29/11   Pg 9 of 17   Pg ID 375

that Defendants' responses to Plaintiff's request to modify the mortgage were inadequate, as the basis of Counts I, II, and III of Plaintiff's Federal Complaint. These three counts arise out of the foreclosure of Plaintiff's St. Clair Shores property, i.e., the same transaction giving rise to Plaintiff's earlier state court action.

In addition to being part of the same transaction, there are three elements that need to be met before res judicata will apply: (1) the first action had to have been to be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties. *Bd. of County Rd. Comm'rs for the County of Eaton v. Schultz*, 205 Mich. App. 371, 376, 521 N.W.2d 847, 850 (1994).

First, the original action must have been decided on the merits. Here, the state court case was decided on Defendants' motion for summary judgment. The "on the merits" element of res judicata is satisfied, even if the case is determined by a summary judgment. *City of Detroit v. Nortown Theatre, Inc.*, 116 Mich. App. 386, 392, 323 N.W.2d 411, 413-414 (1982) ("A judgment is considered to be a determination on the merits, and thereby triggers the doctrine of res judicata upon relitigation, even if the action was resolved by a summary or default judgment.").

With respect to the second element, i.e., that the matter contested in the second case

---

Motion, Dkt. # 12-2, pp. 41, 42, 57, 58. The notices of foreclosure merely recite the history of the mortgage, and mention MERS in those recitals, i.e., that MERS, as nominee for the lender, was the original mortgagee, and that MERS subsequently assigned the mortgage to CitiMortgage, which, as of the date of notice, was the holder of the mortgage on which $159,839.36 was claimed to be due and owing.

was or could have been resolved in the first case, the principal contention raised by Plaintiff in this case is that MERS did not have standing or authority to bring the foreclosure proceedings. This claim was resolved in the first action. The other matters Plaintiff raised in his federal complaint are the alleged improper splitting of security interests by MERS, promissory estoppel based on Defendants' alleged unfulfilled promises of loan modification, and Defendants' unfair and deceptive trade practices in the execution of the foreclosure sale. All of these matters could have been raised in the state court proceedings. They stem from the same mortgage foreclosure transaction and require the same set of essential facts to prove them. Thus, the second element is satisfied.

Lastly, both actions must involve the same parties. Here, both the state and federal proceedings involve Dominick Procopio as plaintiff, and Guaranteed Rate, Inc., CitiMortgage, Inc., and Mortgage Electronic Registration Systems, Inc. as defendants. Therefore, the third and final element is met.

Plaintiff's claims in Counts I, II and III of his Complaint, therefore, are barred by application of the doctrine of res judicata. Accordingly, they will be dismissed.[6]

**B.     The Alleged Violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act are Time-Barred.**

In Count IV of his Complaint, Plaintiff alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act

---

[6] Having determined that Plaintiff's claims are precluded by res judicata, it is unnecessary for the Court to address Defendants' alternative *Rooker-Feldman* and "collateral estoppel" (issue preclusion) arguments.

10

("RESPA"), 12 U.S.C. 2601 *et seq.* arising not out of the foreclosure, but rather out of the mortgage loan closing. Claims for damages under TILA and RESPA are subject to the statutes of limitations set forth in 15 U.S.C. § 1640 and 12 U.S.C. § 2614.

### 1.     The TILA Claims are Barred by a 1-year Statute of Limitations and a 3-year Statute of Repose.

15 U.S.C. § 1640 provides, "Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."  Here, Plaintiff's claims for damages are based on alleged wrongdoings at the closing of the mortgage on June 22, 2007. To have been timely then, Plaintiff would have had to have initiated this action by June 22, 2008.  However, Plaintiff did not file his Complaint in this action until August 19, 2010 -- more than three years after the mortgage closing. Therefore, his TILA claim is time-barred.

However, with TILA claims, the statute of limitations is subject to equitable tolling in suits between private parties where fraudulent concealment is present.  *See Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 908 (E.D. Mich. 2003), *aff'd*, 172 Fed. App'x 652 (6th Cir. 2006); *Jones v. TransOhio Savs. Ass'n.*, 747 F.2d 1037, 1041 (6th Cir. 1984).  To establish fraudulent concealment, a plaintiff has to show that "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Mills*, 294 F. Supp. 2d at 908; *see also Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir.1992), *cert. denied*, 507 U.S. 916 (1993).

Here, Plaintiff has not shown that Defendants affirmatively took steps to conceal his

cause of action. Plaintiff only alleges that he was not provided with disclosure statements and that he was deceived. This alone cannot support equitable tolling. *See In re Community Bank of Northern Virginia*, 467 F. Supp. 2d 466, 479 (W.D. Pa. 2006) ("[T]he fraudulent act(s) that provide the factual predicate for the claim, i.e., inaccurate loan documents, cannot also satisfy the factual predicate justifying the equitable tolling."). Furthermore, Plaintiff has not demonstrated that despite exercising due diligence, the cause of action could not be discovered. Therefore, Plaintiff's TILA damage claims are time-barred by the statute of limitations.

In addition to having a statute of limitations, TILA claims are also subject to a three-year statute of repose. Statutes of repose limit the time in which an action may be brought, regardless if the injury has occurred or been discovered yet. Under 15 U.S.C. § 1635(f), "An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that the . . . disclosures required under this part have not been delivered to the obligor." This statute provides that an action for rescission must be brought within three years of the mortgage closing, even if disclosure forms have not been given to the plaintiff. Here, the consummation of the transaction took place on June 22, 2007, when the mortgage was executed. Plaintiff did not file his claim until August 19, 2010 -- beyond the three-year period of repose. As stated, it does not matter that Plaintiff alleges that he was not provided with disclosure forms. Furthermore, tolling principles do not apply with statutes of repose because they are meant to serve as a cut-off. *See Lampf v. Gilbertson*, 501 U.S. 350, 363 (1991).

Consequently, the statute of limitations and the statute of repose set forth in 15 U.S.C. §§ 1635 and 1640, bar Plaintiff's TILA claims in this action.

2. **_The RESPA Claims are Barred by 1- and 3-year Statutes of Limitations_**.

Under RESPA, "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . ." 12 U.S.C. § 2614. Section 2605 addresses the requirements of disclosures, while section 2607 covers fee splitting arrangements. Courts have held that the one- and three-year-limitation periods begins to run on the date of the closing of the mortgage. *See e.g.*, *Snow v. First American Title Ins. Co.*, 332 F.3d 356, 359-60 (5th Cir. 2003); *Vatomanyuk v. Quality Loan Service Corp. of Wash.*, 699 F. Supp. 2d 1242. 1244 (W.D. Wash. 2010); *Palmer v. Homecomings Financial LLC*, 677 F. Supp. 2d 233, 237 (D.D.C. 2010); *Kamara v. Columbia Home Loans, LLC*, 654 F. Supp. 2d 259, 265 (E.D. Pa. 2009); *Poskin v. TD Banknorth*, 687 F.Supp.2d 530, 550-53 (W.D. Pa. 2009).

In his Complaint, Plaintiff alleges violations of the disclosure requirements under section 2605 and section 2607.[7] (Fed. Compl. at 24-26.) According to the statute of

---

[7] With respect to Section 2607, Plaintiff does not actually complain of unlawful fee splitting, which is the principal focus of this section; he complains only that he was not given the "Controlled Business Arrangement Disclosure" required under Section 2607(c)(4) prior to the loan closing. Thus, although Plaintiff cites to RESPA Section 2607, because as discussed below, Plaintiff's claim is time-barred under either the statute of limitations governing Section 2607's prohibited acts, or the longer period of limitations provided for Section 2605 disclosure violations, the Court need not determine the exact contours of Plaintiff's Section 2607 claim.

limitations, Plaintiff has three years from the occurrence of the violation to bring an action under section 2605. Plaintiff is alleging that the disclosure violations occurred during the mortgage closing on June 22, 2007; however, as indicated above, Plaintiff's Complaint was not filed until August 19, 2010. Therefore, Plaintiffs claims under 2605 are time-barred.

To the extent that Plaintiff alleges an improper fee splitting arrangement in violation of 12 U.S.C. § 2607(c)(4). Plaintiff had only one year to bring an action under section 2607. 12 U.S.C. § 2614. However, as indicated, Plaintiff's claim was not filed until August 19, 2010 and, therefore, is also time-barred.

As stated, the claims Plaintiff brings under RESPA are time barred -- unless equitable tolling applies to extend the limitation period. Although the Sixth Circuit has yet to officially address whether equitable tolling applies to RESPA, it has recognized that many district courts have. *See Egerer v. Woodland Realty, Inc*., 556 F.3d 415, 421 n. 10 (6th Cir. 2009) (collecting cases).[8] A majority of the district courts have held that equitable tolling applies to RESPA claims for the 1- and 3-year statutes of limitations. *See, e.g.*, *Minter v. Wells Fargo Bank, N.A.*, 675 F. Supp. 2d 591, 594-95 (D. Md. 2009); *Blaylock v. First American Title Ins. Co.*, 504 F. Supp. 2d 1091, 1107 (W.D. Wash. 2007); *Mullinax v. Radian Guaranty Inc.*,199 F. Supp.2d 311, 328 (M.D.N.C. 2002); *Pedraza v. United Guaranty Corp.*, 114 F. Supp.2d 1347, 1353 (N.D. Ga. 2000); *Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787,

---

[8] The Sixth Circuit found it unnecessary in *Egerer* to decide the question of whether equitable tolling applied to RESPA. ("Because plaintiffs cannot prevail on their tolling argument even assuming that the RESPA statute of limitations were subject to equitable tolling, it is not necessary to decide that question in this case." 556 F.3d at 424 n. 18.)

793-96 (D. Md. 1998); *Moll v. U.S. Life Title Ins. Co. of N.Y.*, 700 F. Supp. 1284, 1286-89 (S.D.N.Y. 1988). Moreover, as noted above, the Sixth Circuit has applied equitable tolling to the TILA. *See Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984). Therefore, for purposes of Defendants' motions, the Court will assume that equitable tolling applies to RESPA, as well.

The Sixth Circuit has considered five factors when determining whether to toll a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). In addition, as the Sixth Circuit noted in *Egerer v. Woodland Realty, supra*, in order to establish equitable tolling by the doctrine of fraudulent concealment, the plaintiff must allege and establish that: (1) defendants concealed the conduct that constitutes the cause of action; (2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and (3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action. 556 F.3d at 422. Plaintiff has failed to establish entitlement to equitable tolling under either framework.

Plaintiff alleges that the amount financed was not accurate and apparently believes that this is sufficient to support equitable tolling. Plaintiff is mistaken; bare allegations are wholly insufficient. Furthermore, Plaintiff has not sufficiently alleged, let alone proven, that he has been diligent in pursuing his own rights. Although he has provided letters that he

15

wrote to the Defendants, he failed to attend the foreclosure sale even though he had notice,

he failed to attend the state-court proceedings, he failed to respond to any of the motions, he

failed to seek counsel, and he waited months after the foreclosure sale before taking any

action.  But even here  Plaintiff fails to allege that he lacked notice and knowledge of the

filing requirement.  Moreover, as noted above, Plaintiff has not made any clear allegations

of fraud by Defendants.  Therefore, Plaintiff's claim that the statute of limitations should be

tolled cannot stand, and the RESPA claims are time-barred.

## V.  <u>CONCLUSION</u>

In sum, there are no genuine issues of material fact and Defendants are entitled to

judgment as a matter of law.  Plaintiff's claims are precluded by the state-court judgment,

and the non-precluded additional claims under TILA and RESPA are time-barred by the

respective statutes of limitations.  Therefore, summary judgment is appropriate.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' motions for

summary judgment **[Dkt. #10 & 12]** are hereby GRANTED, and Plaintiff's claims are,

accordingly, DISMISSED, WITH PREJUDICE.

Let Judgment be entered accordingly.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  April 29, 2011

16

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2011, by electronic mail and upon Dominick Procopio, 30243 Champine, St. Clair Shores, MI 48082 by ordinary mail.

s/Ruth A. Gunther

Case Manager